UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

—————————————————————
|   |   |
|---|---|
| TREY SMITH-JOURNIGAN, and PAUL E. WILLIAMS, JR., both individually and on behalf of a class of others similarly situated, | : : : : : | **CLASS ACTION COMPLAINT** |
|  | : |  |
| Plaintiff, | : : | Civil Action Number: |
|  | : |  |
| v. | : : |  |
|  | : | **JURY TRIAL DEMANDED** |
| FRANKLIN COUNTY, OHIO, | : : |  |
| Defendant. | : |  |

—————————————————————

## **INTRODUCTION**

The practices of Franklin County in addressing the detention of misdemeanor pre-arraignment detainees at the Franklin County Correctional Center and the Franklin County Workhouse are abhorrent, absurd, and antithetical to human dignity.  This is a class action brought to redress the deprivation by Franklin County of rights secured to Trey Smith-Journigan and Paul E. Williams, Jr. ("Plaintiff") and the proposed Class and Subclass by the Constitution of United States of America.  Each year, the Franklin County Correctional Center and the Franklin County Workhouse needlessly and illegally incarcerate tens of thousands of misdemeanor pre-trial detainees who are presumptively entitled to bail under Ohio law.  Specifically, absent a charge of domestic violence, detainees charged with misdemeanors under Ohio law are entitled to post a minimal bail pursuant to a mandatory bond schedule required by the Ohio Rules of Criminal Procedure.  The Franklin County Municipal Court publishes such a schedule; Ohio residents charged with a First Degree Misdemeanor can bail themselves out for $104, and individuals charged with minor

1

misdemeanors can bail themselves out for $79. Furthermore, and upon information and belief, individuals who are detained because of a failure to pay fines and/or court costs are also eligible to pay those monies in lieu of incarceration. Those who reside outside the State of Ohio can bail themselves out for amounts between $100 and $2000. These bails can be paid with the Franklin County Municipal Court by credit card over the phone, and a detainee can be bailed out in as little as fifteen minutes. The same holds true for unpaid fines and court costs. Instead of providing misdemeanor detainees with an opportunity to immediately bail themselves out, as mandated by Ohio law, Franklin County holds all detainees admitted to the Correctional Center and the Workhouse until they are "slated" into the facility, a process that takes several hours. As part of being "slated," misdemeanor detainees are also subjected to a strip and/or visual body cavity search. Only after being "slated" and assigned to a housing unit can detainees post bail, a process that delays their release by several hours. This point bears repeating: Franklin County requires individuals who are presumptively entitled to bail to be incarcerated for several hours, and suffer the indignities of a strip search, instead of allowing them an opportunity to post bail immediately after they are brought to the Correctional Center or the Workhouse.

This conduct by Franklin County is offensive and patently illegal. American citizens have a liberty interest in their freedom, including their right to immediately post bail under Ohio law, that is protected by the Due Process Clause of the Fourteenth Amendment. Franklin County's decision, based on administrative convenience, to detain individuals who are presumptively entitled to bail for several hours is not reasonably related to any legitimate goal. In fact, it is not reasonable at all. To subject those same individuals to the indignity of a strip search defies credulity, and represents a wanton indifference to the privacy rights of misdemeanor detainees.

This lawsuit seeks to address these illegal practices, and put an end to them.  The Plaintiffs seek monetary damages from Defendant for themselves and each member of the Proposed Class and Subclass, a declaration that Defendant's policies are unconstitutional and an injunction precluding Defendant from continuing to violate the rights of those placed into the custody of the Franklin County Correctional Center and Franklin County Workhouse. With this as a background, Plaintiffs Trey Smith-Journigan and Paul Williams complain as follows:

## JURISDICTION

1.      This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory damages and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. §2201, as it is filed to obtain declaratory relief relative to the constitutionality of the policies of a local government.

2.      Venue is proper under 28 U.S.C. § 1391(e)(2) because a substantial part of the events or omissions giving rise to Plaintiff's and the Class's claims occurred within this judicial district.

## PARTIES

3.      Defendant Franklin County, Ohio ("Franklin County") is a county government organized and existing under the laws of the State of Ohio. At all times relevant hereto, Franklin County, as well as its agents, servants, and employees, was responsible for

the polices, practices, supervision, implementation and conduct of all matters pertaining to the Franklin County Correctional Center (the "Correctional Center") and the Franklin County Workhouse (the "Workhouse"), as well as for the appointment, training, supervision, and conduct of all Franklin County corrections personnel.

4.     Plaintiff Trey Smith-Journigan is a citizen of the United States, and currently resides in Warren County, Ohio.

5.     Plaintiff Paul E. Williams, Jr., is a citizen of the United States, and currently resides in Franklin County, Ohio.

## CLASS ACTION ALLEGATIONS

6.     Plaintiff brings this action pursuant to Rules 23(b)(1), 23(b)(2), 23(b)(3), and, in the alternative to Rule 23(b)(3), Rule 23(c)(4)(a) of the Federal Rules of Civil Procedure on behalf of himself and a class of similarly situated individuals admitted to the custody of the Franklin County Correctional Center and Workhouse during the proposed class period.

7.     Specifically, the Class and Subclass that the Plaintiffs seeks to represent is defined as follows:

*The Bail Class*

All detainees who, at the time of final judgment, have been placed into the custody of the Franklin County Correctional Center and/or Franklin County Workhouse, after being charged with misdemeanors, summary violations, traffic infractions, civil commitments or other minor crimes, including failure to pay fines, who were immediately eligible for bail under Ohio law and the bail schedule and regulations mandated by the Franklin County Municipal Court. The class period commences on April 11, 2016 and extends to the date on which Franklin County is enjoined from, or otherwise ceases,

enforcing its policy, practice, and custom of refusing to allow detainees to post bail upon their arrest, and requiring those same detainees to be strip searched. Specifically excluded from the Class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees, or assignees.

*The Fines Subclass (Represented by Plaintiff Paul Williams, Jr.)*

All members of the Class who were the subject of an Ohio court order and/or warrant directing their detention for the failure to pay fines and court costs.

8.      This action has been brought and may properly be maintained as a Class Action under Federal Law and satisfies the numerosity, commonality, typicality, and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

9.      The members of the Class and Subclass are so numerous as to render joinder impracticable. Upon information and belief, there are thousands of citizens who are placed into custody of the Franklin County every month – most, if not all, of whom are members of the Proposed Class and Subclass. Upon information and belief, the size of the Proposed Class and Subclass totals at least tens of thousands of individuals, some of whom have had their civil rights violated on multiple occasions.

10.      Upon information and belief, joinder of all of these individuals is impracticable because of the large number of Class Members and the fact that Class Members are likely dispersed over a large geographical area, with some members presently residing outside of the State of Ohio and this Judicial District. Furthermore, upon information and belief, many members of the Class and Subclass are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

11.     Common questions of law and fact exist as to all members of the Class and Subclass, in that all members of the class and subclass had their right to due process of law and right to be free of unreasonable searches violated by Defendant's policy, custom or practice of refusing to allow detainees charged with misdemeanors or other minor crimes to post bail, and conducting blanket strip searches on those individuals in the absence of reasonable suspicion. Members of the subclass were similarly impacted by the Defendant's refusal to allow detainees the opportunity to pay fines and court costs so as to avoid being incarcerated.  All members of the Class and Subclass were placed into the custody of the Franklin County Correctional Center and Workhouse, and all were denied the opportunity to post bail (and pay fines, for the Subclass) upon their admission to those facilities and were also subjected to a strip search.  The failure to allow misdemeanor detainees to immediately post bail (and pay court costs and fines), as required by Ohio law, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Subjecting misdemeanor detainees who are presumptively eligible for release to blanket strip searches violates the Fourth Amendment of the United States Constitution.

12.     Plaintiffs' claims are typical of the claims of the members of the Class and Subclass. Plaintiffs and all members of the Class and Subclass sustained damages arising out of Defendant's course of conduct. The harms suffered by the Plaintiffs are typical of the harms suffered by the members of the Class and Subclass.

13.     The representative Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class and Subclass. Plaintiffs have no interests that are adverse to the interests of the members of the Class and Subclass.

14. Plaintiffs have retained counsel with substantial experience in the prosecution of class action and civil rights litigation, including successful litigation of civil rights cases. Plaintiffs' counsel has the resources, expertise, and experience to successfully prosecute this action against Franklin County. Counsel for the Plaintiffs knows of no conflicts among members of the Class and Subclass, or between counsel and members of the Class and Subclass.

15. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiffs seek Class Certification under Fed. R. Civ. P. 23(b)(2), in that all Members of the Proposed Class and Subclass were subjected to the same policies and actions of the Defendant. In short, Franklin County personnel acted on grounds generally applicable to all members of the Class and Subclass.

16. In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiffs seek certification under Rule 23(b)(3).

17. Common questions of law and fact exist as to all members of the Class and Subclass, and predominate over any questions that affect only individual member of the class. These common questions include: whether Defendant's written and/or *de facto* policy of refusing to allow detainees charged with misdemeanors and other minor crimes to immediately post bail, as mandated by Ohio law, is unconstitutional; whether Defendant's written and/or *de facto* policy of strip searching detainees charged with misdemeanors and other minor crimes who are presumptively entitled to bail is unconstitutional; and whether such written and/or *de facto* policies existed during the Class period. Relative to the Subclass, the common questions will additionally include the rights of members of the Subclass to immediately pay any fines and court costs owed to Ohio court authorities

immediately after their arrest, and to pay those fines and court costs before being detained by Defendant Franklin County.

17.     A Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the Class and Subclass is impracticable given the large number of members of the Class and Subclass, and the fact they are dispersed over a large geographical area. Furthermore, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class and Subclass to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a Class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class and Subclass.

18.     Upon information and belief, there are no other actions pending to address the Defendant's flagrant violation of the civil rights of tens of thousands of individuals, even though upon information and belief the Defendant has maintained its illegal practices for several years.

19.     In the alternative to certification under Fed. R. Civ. P. 23(b)(3), Plaintiffs also seek issue certification under Fed. R. Civ. P. 23(c)(4) by which certain common issues will be resolved in a classwide trial, and other issues, such as damages, will be reserved for subsequent individual determinations.

## FACTS

### Facts Applicable to the Class

20.     The Fourteenth Amendment of the United States Constitution requires that citizens be accorded due process of law.  Due process is especially important when Federal or state law provides a liberty interest that limits official discretion.  The right of an accused to freedom on bail pending trial is inherent in the concept of a liberty interest protected by the due process clause of the Fourteenth Amendment.  The right of an accused to pay any unpaid fines or court costs immediately upon their arrest is also well established, in lieu of incarceration for several hours or days pending their arraignment.  The government may not interfere with a protected liberty interest absent those actions being reasonably related to a legitimate goal.

21.     Moreover, the Fourth Amendment to the United States Constitution prohibits the blanket strip searches of detainees who have not been arraigned nor provided with a reasonable opportunity to post bail, especially when then can be readily housed in facilities separate from the general jail population.

22.     Here, Franklin County has admitted in discovery in a related action that no detainees are provided with an opportunity to post bail on their admission to the Franklin County Correctional Center and Franklin County Workhouse.  Furthermore, no detainees are allowed to pay any outstanding fines or court costs on their admission to the Franklin County Correctional Center and Franklin County Workhouse.  Specifically, all detainees that are admitted to the custody of these Franklin County facilities are not allowed to post bail (or pay fines or court costs) until they are "slated" into these facilities.  In order to be "slated" into the custody of Franklin County, a detainee must be booked into either the Correctional Center or Workhouse, with male detainees generally being booked at the

Correctional Center and female detainees being booked at the Workhouse. "Slating" requires that a detainee be admitted into the facility, held in a holding cell for several hours, provide pedigree and medical information to a corrections officer, surrender their clothes and be strip searched in the process of receiving the jail uniform, and then be subjected to Franklin County's identification procedures. Only after being "slated" does a detainee have their booking information transmitted to the Franklin County Municipal Court for purposing of determining their bail (and allowing for the payment of fines and court costs). All the Franklin County Municipal Court requires for the purpose of assessing bail (and allowing for the payment of outstanding fines or court costs) for a detainee is their identification number and the nature of their criminal charges. Upon information and belief, providing a detainee with an identification number, and electronically transmitting that number and the detainee's criminal charges takes less than one minute. This can easily be done when a detainee enters the facility as compared to after they are "slated" several hours later.

23.     In Franklin County, Ohio, bail is set for all misdemeanor charges at the Franklin County Municipal Court. Under Section 9, Article I of the Ohio Constitution details that "[a]ll persons shall be bailable by sufficient sureties" absent a capital offense or violent felony that represents a substantial risk of serious harm to the public. This provision has been interpreted by the Ohio Courts as mandating the allowance of bail for noncapital cases. Consequently, the Ohio Rules of Criminal Procedure mandate that "[e]ach court shall establish a bail bond schedule covering all misdemeanants including traffic offenses, either specifically, by type, by potential penalty, or by some other reasonable method of classification." Ohio Crim. Proc. Rule 46(G). Rule 46(G) also requires that Ohio Municipal Courts allow for the payment of bail by credit card.

10

24.    Pursuant to Ohio law, the Franklin County Municipal Court has established a bail schedule, as provided below:

| CLASS (DEGREE) | BOND AMOUNT/TYPE | AB% | OUT OF STATE BOND |
|---|---|---|---|
| **BOND SCHEDULE** | | | |
| M1 OR UM* | $500 C/S/A | $50 | $2000 C/S |
| M2 | $400 C/S/A | $40 | $1500 C/S |
| M3 | $300 C/S/A | $30 | $1000 C/S |
| M4 | $200 C/S/A | $25 | $500 C/S |
| MM | $100 C/S/A | $25 | $100 C/S |

*DENOTES UNCLASSIFIED MISDEMEANOR

**CHARGES WITH NO BOND**

DOMESTIC VIOLENCE
VIOLATION OF A TPO/ASPO (CITY OR STATE)
AGGRAVATED MENACING
3RD TIME OMVI (MUST SPECIFY ON COMPLAINT)
MENACING BY STALKING
AGGRAVATED TRESPASSING
PERSONS SLATED UNDER THE NAME JOHN DOE

All Clerk's Academy materials are copyrighted © 2006 by Lori M. Tyack, Clerk
Franklin County Municipal Court, 375 S. High St., 4th floor, Columbus, Ohio 43215

For Ohio residents, detainees can be bailed out for as little as $79 with a percent bond and administration fee.  The most an Ohio resident would have to pay for such a bond would be $104, and the most cash they would have to post would be $500.  Non-Ohio resident would be required to post between $100 and $2,000 to be bailed out.  The Franklin Municipal Court is open every day of the year, twenty-four hours a day, and can accept bail over the phone by credit card.  Upon information and belief, the Franklin Municipal Court can also accept the payments of outstanding fines and court costs over the phone by credit card, and does not require "slating" to accept and process these payments. Upon information and belief, corrections staff at the Corrections Center and the Workhouse have a copy of this bail schedule in the facility booking rooms.  There is a bank of telephones

right at the entrance to the Franklin County Workhouse that detainees could use to post

bail, as detailed below:



Upon information and belief, a similar bank of phones is present in the Correctional Center.

A detainee can secure bail (and pay outstanding fines and costs) in as little as fifteen

minutes after calling the Franklin County Municipal Court. Upon information and belief,

a detainee's bail can also be posted at either the Correctional Center or the Workhouse in

cash.

      25. Franklin County has made a conscious choice to incarcerate tens of

thousands of misdemeanor detainees a year who are presumptively eligible for bail, and

deny them the immediate opportunity to post bail (and pay outstanding fines and court

costs), in violation of the Due Process Clause. Specifically, instead of holding detainees

in one of several holding cells in the booking room that can hold scores of people while

detainees work to post bail, Franklin County refuses to allow detainees to do so until after

they are "slated" and sent to a housing unit, a process that takes hours and results in the

unnecessary detention of thousands of individuals a year who would otherwise be released

a short time after entering the facilities. In contrast, Franklin County can easily, with a few

keystrokes, provide a detainee's information to the Franklin Municipal Court shortly after

their admission, allow them to post bail (and pay outstanding fines and costs), and be on their way. Upon information and belief, one reason why Franklin County maintains this abhorrent policy is to drive up their admission numbers, and increase their eligibility for Federal and state funds as a result.

26.    This bizarre and illegal practice is made all the more offensive by Franklin County conducting blanket strip searches on these detainees. Specifically, as part of being "slated," detainees are required to submit to a strip search as part of getting the jail uniform. This strip search always involves detainees removing their clothing for purposes for being searched for contraband. These strip searches are also sometimes performed in groups, and in the absence of appropriate privacy partitions, where detainees can see each other in a state of undress. These strip searches are conducted on a blanket basis, and in the absence of reasonable suspicion to believe that a detainee is secreting a weapon or contraband. There is an easy alternative to Franklin County conducting these strip searches on misdemeanor detainees who have yet to see a judge, and are presumptively eligible to post bail: Hold detainees in a holding cell for a reasonable period of time before conducting these searches in an effort to provide them with an opportunity to post bail. It is completely unnecessary and counterintuitive for corrections officials to strip search detainees who can be immediately bailed out and released; in fact, it is unbelievable that Franklin County has done so, especially given the pendency of a related class action also addressing this offensive practice.

27.    The County knows that it may not institute, enforce or permit enforcement of a policy or practice of forbidding misdemeanor detainees who are presumptively entitled to post bail (and pay outstanding court costs and fines) under Ohio law from doing so. The County also knows that it may not institute a policy or practice of conducting blanket strip

searches on Class Members without providing reasonable privacy accommodations and in the absence of reasonable suspicion, especially when these individuals can be held apart from the Correctional Center and Workhouse's general population while they post bail. These practices clearly have no reasonable relationship to jail security issues, as imposed on Class and Subclass Members, all of whom were charged with innocuous offenses, including driving while intoxicated, driving with a suspended license, harassment and trespassing.

28.     The Defendant's written and/or *de facto* policies, practices and customs of refusing to allow Class and Subclass Members to post bail (and pay outstanding costs and fines) and mandating their blanket strip searches have been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

29.     Pursuant to these written and/or *de facto* policies, each member of the Class and Subclass, including Plaintiffs, was illegally precluded from posting bail (and paying outstanding costs and fines) upon their admission to the Franklin County Correctional Center and Franklin County Workhouse, and was also illegally strip searched in groups, and in the absence of reasonable suspicion.

30.     As a direct and proximate result of the refusal to allow misdemeanor detainees to post bail (and pay outstanding court costs and fines) and requiring them to be strip searched pursuant to these written and/or *de facto* policies, the victims of the unlawful practices – each member of the Class and Subclass, including Plaintiffs – has suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

## Facts Applicable to Named Plaintiff Trey Smith-Journigan

31.     Plaintiff Trey Smith-Journigan resides in Warren County, Ohio.  On or about August 20, 2017 at approximately 5:00 AM, Mr. Smith-Journigan was admitted to the custody of the Franklin County Correctional Center on a charge of operating a vehicle while impaired, a first-degree misdemeanor under Ohio law, and several other related minor criminal charges and traffic violations.  Mr. Smith-Journigan had a valid Ohio photo driver's license at the time of his arrest.

32.     Mr. Smith-Journigan had two credit cards and one debit card, each of which had in excess of $104.00 dollars of purchasing power on them.  At the time of his arrest, Mr. Smith-Journigan had the financial resources to bail himself out immediately.  In fact, at the time his was booked into the jail, and immediately prior to being strip searched by a Franklin County Corrections Officer, Mr. Smith-Journigan was asked by a Corrections Officer what credit card should be used to post his bail.  Several hours later, Mr. Smith-Journigan's mother used that credit card to post his bail.

33.     Regardless of his ability to immediately post bail, Mr. Smith-Journigan was "slated" into the Franklin County Correctional Center, a process that took approximately three hours.  Mr. Smith-Journigan provided his pedigree information, surrendered his property, including his wallet and money, was subjected to a strip search upon receiving the jail uniform, and was processed through the Franklin County Correctional Center identification unit.  Mr. Smith-Journigan was then assigned to a housing unit in the Correctional Center.

34.     Later that day, Mr. Smith-Journigan was bailed out of the Franklin County Jail by his mother prior to being arraigned.  Mr. Smith-Journigan's bail was $104.00, and he was released at approximately 5:00 PM on August 20, 2017.  Consequently, Mr. Smith-

Journigan was incarcerated by Franklin County for approximately twelve hours, and subject to a strip search, on minor criminal charges where he could have bailed himself out in as little as fifteen minutes.

35.     Being held for several hours, and being subjected to a strip search, caused Mr. Smith-Journigan psychological pain, humiliation, and mental anguish, as well as substantial inconvenience.

**Facts Applicable to Named Plaintiff Paul E. Williams, Jr.**

36.  Plaintiff Paul E. Williams, Jr. resides in Franklin County, Ohio. On or about December 23, 2016, Mr. Williams was admitted to the custody of the Franklin County Correctional Center on a charge of operating a vehicle while impaired, a first-degree misdemeanor under Ohio law.  Mr. Williams also had an outstanding bench warrant for a $300 fine that he had failed to pay.  Mr. Williams was also charged with slow speed.  Mr. Williams had a valid Ohio photo driver's license at the time of his arrest.

37.     Mr. Williams had over $300.00 in cash on his person, and, as an Ohio resident, was eligible to bail himself out for $104.00, plus paying his outstanding fine.  Mr. Williams also had a debit Mastercard in his wallet when he was admitted to the Correctional Center.  At the time of his arrest, Mr. Williams detailed that he was able to bail himself out immediately.

38.     Regardless, Mr. Williams was "slated" into the Franklin County Correctional Center, a process that took approximately two and a half hours.  Mr. Williams provided his pedigree information, surrendered his property, including his wallet and money, was subjected to a strip and visual cavity search upon receiving the jail uniform,

and was processed through the Franklin County Correctional Center identification unit. Mr. Williams was then assigned to a housing unit in the Correctional Center.

39.     The following day, Mr. Williams was arraigned and released on his own recognizance on the OVI charge by Judge Herbert of the Franklin Municipal Court.  Mr. Williams' girlfriend paid his outstanding fine, and he was released on December 24, 2016 at approximately 7:00 PM.  Consequently, Mr. Williams was incarcerated by Franklin County for approximately twenty-four hours, and subject to a strip and visual cavity search, on minor criminal charges where he could have bailed himself out in as little as fifteen minutes.

40.      Being held for several hours, and being subjected to a strip and visual cavity search, caused Mr. Williams psychological pain, humiliation, and mental anguish, as well as substantial inconvenience.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**-- Violation of Constitutional Rights Under Color of State Law –
-- Failure to Provide Due Process of Law --**

41.     Plaintiff incorporates by reference and realleges each and every allegation stated herein.

42.     The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects citizens from arbitrary deprivation of their liberty interests, as detailed under Federal or state law.  The right to promptly post bail, and pay outstanding court costs and fines, is a fundamental liberty interest under the Constitution, especially when that right has been codified by state statute, and state and local regulations.

43.     The actions of Defendant detailed above violated the Plaintiffs' rights under the United States Constitution. Simply put, it is not objectively reasonable for Franklin County to refuse to allow misdemeanor detainees, or others charged with minor crimes, to post bail (and pay outstanding court costs and fines) until they are "slated," when those detainees are presumptively eligible for bail and immediate release under the Ohio State Constitution, the Ohio Rules of Criminal Procedure and the bail schedule set by the Franklin Municipal Court. Misdemeanor detainees can post bail with the Franklin County Municipal Court in as little as fifteen minutes, as compared to being detained by Franklin County for hours while they are "slated" and assigned to a housing unit. There is no reasonable basis for this delay.

44.     This "slating" procedure, and its failure to allow for the prompt posting of bail, was conducted pursuant to the policy, custom or practice of Franklin County. As such, Franklin County is directly liable for the damages of Plaintiff and members of the Class and Subclass.

45.     Defendant Franklin County is responsible for establishing the procedures utilized at the Franklin County Corrections Center and Franklin County Workhouse, and is further responsible for the implementation of written policies at these facilities.

46.     This conduct on the part of Defendant represents a violation of 42 U.S.C. § 1983, given that the actions of Franklin County Corrections Center and Franklin County Workhouse personnel were taken under color of state law.

47.     As a direct and proximate result of the unconstitutional acts described above, Plaintiffs and the members of the Class have been irreparably injured.

## SECOND CAUSE OF ACTION

**-- Violation of Constitutional Rights Under Color of State Law –
-- Unreasonable Strip Search in Violation of the Fourth Amendment --**

48.    Plaintiff incorporates by reference and realleges each and every allegation stated herein.

49.    The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches.  The right of a misdemeanor detainee not to be subjected to a strip and/or visual cavity search upon admission to a local jail when they can be held separate from general population pending arraignment is well established.   This is especially so when a detainee is presumptively eligible for bail upon admission to a local jail, as there is no legitimate penological justification for strip searching someone who can bail themselves out.  The Fourth Amendment also precludes the strip searches of detainees in groups, in the absence of appropriate privacy partitions.

50.    The actions of Defendant detailed above violated the Plaintiff's rights under the United States Constitution. Simply put, it is not objectively reasonable for Franklin County to strip search misdemeanor detainees who are presumptively eligible for bail, and who can otherwise be held separately from the jail's general population pending arraignment.  Furthermore, there is no justification for Franklin County to conduct these strip searches in groups.

51.    This strip search regimen was conducted pursuant to the policy, custom or practice of Franklin County.  As such, Franklin County is directly liable for the damages of Plaintiff and members of the Class and Subclass.

52.     Defendant Franklin County is responsible for establishing the procedures utilized at the Franklin County Corrections Center and Franklin County Workhouse, and is further responsible for the implementation of written policies at these facilities.

53.     This conduct on the part of Defendant represents a violation of 42 U.S.C. § 1983, given that the actions of Franklin County Corrections Center and Franklin County Workhouse personnel were taken under color of state law.

54.     As a direct and proximate result of the unconstitutional acts described above, Plaintiffs and the members of the Class have been irreparably injured.

## **DEMAND FOR TRIAL BY JURY**

55.     The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Trey Smith-Journigan and Paul E. Williams, Jr., on behalf of themselves and on behalf of others similarly situated, request that this Honorable Court grant them the following relief:

1. An order certifying the proposed Class and Subclass and appointing Plaintiffs and their counsel to represent the Class and Subclass.

2. A judgment against Defendant Franklin County on the Causes of Action detailed herein, awarding compensatory damages to Plaintiff and each Member of the Proposed Class and Proposed Subclass in an amount to be determined by a jury and/or the Court on both an individual and a Class-wide basis.

3. A declaratory judgment against the Defendant declaring the Defendant's policies, practices and customs to be unconstitutional, and otherwise improper.

4. A preliminary and permanent injunction enjoining the Defendant from continuing to enforce its unconstitutional and unlawful policies, customs, and practices.

5. A monetary award for attorneys' fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23.

Respectfully Submitted By:

/s Andrew Baker

Dated: April 11, 2018

_____

Andrew Baker, Esquire
THE BAKER LAW GROUP
107 South High Street, Suite 400
Columbus, OH  43215
614.228.1882
andrew.baker@bakerlawgroup.net

Elmer Robert Keach, III, Esquire
Maria K. Dyson, Esquire

LAW OFFICES OF ELMER ROBERT
  KEACH, III, PC
One Pine West Plaza, Suite 109
Albany, NY 12205
518.434.1718
bobkeach@keachlawfirm.com


D. Aaron Rihn, Esquire
ROBERT PEIRCE & ASSOCIATES, PC
707 Grant Street, Suite 2500
Pittsburgh, PA 15219
412.281.7229
arihn@peircelaw.com


Nicholas Migliaccio, Esquire
Jason Rathod, Esquire
MIGLIACCIO & RATHOD, LLP
412 H Street, NE, Suite 302
Washington, DC 20002
202.470.3520
nmigliaccio@classlawdc.com

**ATTORNEYS FOR PLAINTIFFS AND
THE PROPOSED CLASS AND
SUBCLASS**