UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Trey Smith-Journigan,
*individually and on behalf of a
class of others similarly situated,*
et al.,

      Plaintiffs,

v.

Franklin County, Ohio,

      Defendant.

Case No. 2:18-cv-328

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Trey Smith-Journigan[1] ("Plaintiff") moves for class certification under Federal Rule of Civil Procedure 23. ECF Nos. 34 & 35. For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.

## I.    FACTS

In the Complaint, Plaintiff alleges that Franklin County Correctional Facilities ("FCCF") "needlessly and illegally" detains thousands of persons who are arrested for misdemeanor offenses and who are entitled to post bail, and it uniformly subjects them unconstitutional strip searches. *See* Compl. Introduction, ECF No. 1. Specifically, Plaintiff asserts that he and other similarly situated misdemeanor arrestees had the financial ability to pay bail at the time of

---

[1] Plaintiff Paul E. Williams, Jr. does not join in the motion for class certification. Memo 1, ECF No. 35.

arrest and that their paperwork reflected the same. Memo. 1–2, ECF No. 35. In spite of this ability to pay, Plaintiff contends that he and other similarly situated arrestees were nonetheless strip searched as part of processing them into general population. *Id.*

Plaintiff asserts Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983, both individually and on a class-wide basis. *See generally*, Compl., ECF No. 1. Plaintiff now seeks class certification under Rule 23. ECF Nos. 34 & 35. Plaintiff proposes the following class definition:

> All detainees who, at the time of final judgment, have been placed into the custody of the Franklin County Correctional Center and/or Franklin County Workhouse, after being charged with misdemeanors, summary violations, traffic infractions, civil commitments or other minor crimes, including failure to pay fines, who were immediately eligible for bail under Ohio law and the bail schedule and regulations mandated by the Franklin County Municipal Court, and who did not indicate, on the County's bail sheets, that they were unable to post bail. The class period commences on April 11, 2016 and extends to the date on which Franklin County is enjoined from, or otherwise ceases, enforcing its policy, practice, and custom of refusing to allow detainees to post bail upon their arrest, and requiring those same detainees to be strip searched. Specifically excluded from the Class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees, or assignees.

Mot. 1, ECF No. 34.

## II. STANDARD OF REVIEW

The "class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotation marks and citations omitted). To obtain class certification, a plaintiff must show that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "These four requirements—numerosity, commonality, typicality, and adequate representation—serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class representatives must share the same interests and injury as the class members." *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013) (citing *Wal-Mart*, 564 U.S. at 349).

In addition to fulfilling the prerequisites of Rule 23(a), "the proposed class must also meet at least one of the three requirements listed in Rule 23(b)." *In re Whirlpool*, 722 F.3d at 850. Here, Plaintiff moves for class certification pursuant to Rules 23(b)(2) and 23(b)(3). These sections allow for class certification if, respectively, "injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," or if "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b).

Finally, when a party seeks class certification under Rule 23(b)(3), the class must be "ascertainable;" that is, "the class definition must be sufficiently

definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537–38 (6th Cir. 2012); *but see Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016) (explaining that "ascertainability is not an additional requirement for certification of a [Rule 23](b)(2) class seeking only injunctive and declaratory relief").

"A district court has broad discretion to decide whether to certify a class," and "[c]lass certification is appropriate if the court finds, after conducting a rigorous analysis, that the requirements of Rule 23 have been met." *In re Whirlpool*, 722 F.3d at 850–51 (internal quotation marks and citations omitted). As the United States Court of Appeals for the Sixth Circuit has explained,

> Ordinarily, this means that the class determination should be predicated on evidence presented by the parties concerning the maintainability of the class action. On occasion it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question and rigorous analysis may involve some overlap between the proof necessary for class certification and the proof required to establish the merits of the plaintiffs' underlying claims.

*In re Whirlpool*, 722 F.3d 851 (cleaned up). Therefore, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). "The party seeking the class certification bears the burden of proof" that

the prerequisites to certification are met. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citing cases).

### III. ANALYSIS

Plaintiff's motion for class certification fails because he has not established numerosity. To prove numerosity, Plaintiff must demonstrate that the putative class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "There is no strict numerical test for determining impracticability of joinder." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1079 (6th Cir. 1996) (citation omitted). Indeed, "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw., Inc., v. EEOC*, 446 U.S. 318, 330 (1980). The "the exact number of class members need not be pleaded or proved." *McDonald v. Franklin Cnty., Ohio*, 306 F.R.D. 548, 556 (S.D. Ohio 2015) (internal quotation marks and citations omitted). However, "impracticability of joinder must be positively shown, and cannot be speculative." *Young*, 693 F.3d at 541 (quoting *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir.2005)). That is, the moving party must "prove that there are *in fact* sufficiently numerous parties" to "demonstrate compliance" with the numerosity requirement. *See Wal-Mart*, 564 U.S. at 351 (emphasis in original).

In support of numerosity, Plaintiff points to Defendant's annual report from 2012 (the "2012 Report"), which shows that there were "approximately" 37,500 inmates processed at FCCF in 2010; 38,000 in 2011; and 33,000 in 2012. *See*

Memo. 11, ECF No. 35; Mot. Ex. 4, ECF No. 34-4.[2] Plaintiff contends that a "sizeable portion of these admissions were for misdemeanor charges." Memo. 11, ECF No. 35. However, Plaintiff does not provide any estimations of how many admissions were for misdemeanor charges, or of how many of *those* people indicated they had the financial means to afford bail.[3] *Id*. Plaintiff contends that numerosity is established through a "conservative estimate" based on these numbers. *Id*.

Plaintiff's evidence in support of numerosity is too speculative. The Sixth Circuit's decision *Golden* is instructive. 404 F.3d at 950. In *Golden*, the named plaintiff sought to represent a class of tenants in Columbus, Ohio whose water service had been or would be "terminated because of the landlord's or prior tenant's indebtedness." *Id*. at 965–66. To establish numerosity, the named plaintiff relied solely on the total number of renters in the city of Columbus. *Id*. The Sixth Circuit agreed with the district court's conclusion that this was too

---

[2] Plaintiff states that these numbers represent the number of inmates admitted to FCCFs in each year. However, the 2012 Report explains that these numbers reflect the number of identification records processed, including "old identification records" and "new identification records." *See* Mot. Ex. 4, ECF No. 34-4 at PAGEID #: 909. Although it may be reasonable to assume that a newly processed identification record corresponds to a new inmate admission, the 2012 Report does not so explain, nor does it explain the difference between "old" and "new" records processed. Of course, this may be mere semantics, but the language differences are yet another reason why class certification is improper at this time.

[3] Although Plaintiff does not cite to them, the 2012 Report lists the percentages of the felony inmate populations for FCCF. *See* Mot. Ex. 4, ECF No. 34-4 at PAGEID ##: 905–06. However, it is not clear whether these numbers refer to pre- or post-sentence detainees, or how they relate to the "identifications records" numbers from PAGEID #: 909. So, these numbers offer little, if any, assistance to Plaintiff's position.

speculative because "reference to the total number of tenants in Columbus is not probative of the number of tenants reasonably likely to face the harm for which [the named plaintiff] seeks redress." *Id.*

The same reasoning applies with even greater force here. First, the reports on which Plaintiff relies are from several years before the time period for the proposed class. Second, just as the named plaintiff in *Golden* unsuccessfully relied on only the total number of renters, so here Plaintiff relies on the total number of admissions to FCCF. Because Plaintiff does not provide any information of how that total number breaks down into persons arrested for misdemeanors and persons who had the financial ability to pay their bail upon arrest, the "reference to the total number of [admissions to FCCF] is not probative of the number of [arrestees] reasonably likely to face the harm for which [Plaintiff] seeks redress." *Golden*, 404 F.3d at 966. So, Plaintiff has not established numerosity.

In some circumstances, it would be acceptable for a court to make a "reasonable inference" that numerosity is met. For example, in *Young*, 693 F.3d 532 (6th Cir. 2012), the district court considered an expert analysis of insurance policies written by the defendants. *Id.* at 541–42. Based thereon, the district court found that a 1% error rate was fairly attributable to all the defendants, and that the error rate established numerosity. The Sixth Circuit held the district court did not abuse its discretion in making that determination. *Id.*

That type of inference would be inappropriate here because *Young* is distinguishable from this case. In *Young*, the plaintiffs provided an expert analysis of the at-issue policies on which the district court could rely to draw a reasonable inference that numerosity had been met. *Young*, 693 F. 3d at 541–42. Here, Plaintiff has given the Court a years-old report and points to only the total number of admissions to FCCF. Under the facts of this case, making the type of inference the district court made in *Young* would not be *reasonable* and instead would mean the Court had failed to conduct the requisite "rigorous analysis" for Rule 23 certification. *See Golden*, 404 F.3d at 966 ("[T]he district court must engage in a 'rigorous analysis' when evaluating the plaintiff's proof of numerosity.").

In short, Plaintiff has not "prove[d] that there are *in fact* sufficiently numerous parties." *See Wal-Mart*, 564 U.S. at 351 (emphasis in the original). Accordingly, class certification is inappropriate at this juncture. The Court suspects, however, that further discovery may uncover facts necessary to support another motion to certify a class. If that happens, Plaintiff may move again for class certification.[4]

---

[4] Failing to demonstrate any one of the 23(a) factors is fatal to class certification, so the Court need not address any of the other factors. However, the Court has concerns about some of the Rule 23 factors not addressed in this Order. Should Plaintiff decide to re-move for class certification, he is encouraged to carefully consider *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318 (2012) and this Court's analysis of *Florence* in *McDonald*, 306 F.R.D. 548, and what effect, if any, those cases have on the Rule 23 factors in this case.

As a final matter, the Court is concerned that both Plaintiffs lack Article III standing to pursue injunctive relief in this case. *See Williams v. City of Cleveland*, 907 F.3d 924, 932 (6th Cir. 2018) (finding, in a case challenging jail strip search policies, that the named plaintiff lacked standing to pursue injunctive relief). Accordingly, Plaintiffs are **ORDERED** to file a brief, not to exceed fifteen pages, in support of Article III standing for injunctive relief **within forty-five days**. Defendant's response, not to exceed fifteen pages, is due **within twenty-one days** of Plaintiffs' brief. Plaintiffs' reply, if any, is due **within fourteen days** of Defendant's response.

## IV.   CONCLUSION

For these reasons, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate ECF Nos. 34 and 35.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**